**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **KIM TEMPLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | _____ |
| **NATIONWIDE DEBT REDUCTION** | § | |
| **SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

## INTRODUCTION

Plaintiff Kim Temple ("Plaintiff") files this Original Complaint against Defendant Nationwide Debt Reduction Services, LLC ("Defendant").

## II.

## PARTIES

1.      Plaintiff is an individual and a citizen of New Orleans, Louisiana.

2.      Defendant Nationwide Debt Reductions Services, LLC (Defendant) is a company organized under the laws of the state of Texas with its principal place of business located at 6200 Tennyson Parkway, Suite 180-A, Plano, Texas 75024.  Defendant may be served with process, including summons and a copy of this lawsuit, by serving Defendant's registered agent for service of process, Hoffman & Kaliser PC, 17950 Preston Road, Suite 230, Dallas, Texas 75252.

## III.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

4.      Defendant employees the requisite number of employees for coverage under the relevant federal acts upon which Plaintiff's claims are based.

## IV.

## VENUE

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Collin County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Collin County.

6.      Collin County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

**V.**

**BACKGROUND FACTS**

7.      Plaintiff worked for Defendant from on or around August 14, 2018 until she was wrongfully terminated on or around December 20, 2018.

8.      Defendant operates a call center where Plaintiff worked as a Debt Negotiator.

9.      During her employment, Plaintiff was treated for and ultimately had surgery to remove a lipoma growth from her back.

10.     Plaintiff's lipoma put her in excruciating pain and significantly affected her ability to walk and perform other major life activities.

11.     Following Plaintiff's surgery on December 7, 2018, her treating physician provided a note indicating that Plaintiff would not be able to return to work until at least following Plaintiff's post-operation appointment scheduled for January 8, 2019.

12.     In fact, even though Defendant had already terminated her employment, Plaintiff was released to return to work at her January 8, 2019, appointment.

13.     Defendant received the note from Plaintiff's doctor and its Human Resources Director Dennis Borgne terminated Plaintiff's employment almost immediately supposedly because Defendant could not hold Plaintiff's job until "mid-January."

14.     When Plaintiff asked for a reason for her termination in writing, Borgne sent her an email stating, "we released you due to your ongoing attendance occurrences (unscheduled absences from previous scheduled workdays) and your short time of employment with us. Unfortunately, we cannot hold your position open for another estimated 4-8 weeks."

15.     Neither Borgne or any representative of Defendant made any attempt to engage in an interactive dialogue to address Plaintiff's requested accommodations.

16.     Moreover, Plaintiff would have been able to return to work following her January 8, 2019, doctor's appointment.

17.     Defendant could have accommodated Plaintiff's requested leave of absence, but instead Defendant simply terminated Plaintiff's employment.

## VI.

## CONDITIONS PRECEDENT

18.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual-filed with the Texas Workforce Commission.

19.     The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

20.     More than 180 days have passed since the Charge was filed and no action has been taken by the Equal Employment Opportunity Commission.

21.     Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

A.     **First Cause of Action—Disability Discrimination—Failure to Engage in Interactive Process—ADA**

22.     Plaintiff incorporates each of the foregoing paragraphs.

23.     Defendant refused to engage in the required interactive process to determine what, if any, reasonable medical accommodations could be provided to Plaintiff.

24.     Defendant's actions violated 42 U.S.C. § 12112.

**B.     Second Cause of Action—Disability Discrimination—Failure to Accommodate—ADA**

25.     Plaintiff incorporates each of the foregoing paragraphs.

26.     Plaintiff requested a reasonable medical accommodation.

27.     Defendant refused to provide Plaintiff with a reasonable medical accommodation.

28.     Defendant's actions violated 42 U.S.C. § 12112.

**C.     Third Cause of Action—Disability Discrimination—ADA**

29.     Plaintiff incorporates each of the foregoing paragraphs.

30.     Defendant discriminated against Plaintiff because of Plaintiff's disability and/or perceived disability and/or record of a disability and/or because it regarded Plaintiff as disabled.

31.     Defendant's actions violated 42 U.S.C. § 12112.

**D.     Fourth Cause of Action—Wrongful Termination—Disability Discrimination—ADA**

32.     Plaintiff incorporates each of the foregoing paragraphs.

33.     Defendant terminated Plaintiff's employment because of Plaintiff's disability and/or perceived disability and/or record of a disability and/or because it regarded Plaintiff as disabled.

34.     Defendant's actions violated 42 U.S.C. § 12112.

## VIII.

## DAMAGES

35.     Plaintiff incorporates each of the foregoing paragraphs.

36.     Defendant's actions violated 42 U.S.C. § 12112 and 42 U.S.C. § 12203, which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

37.     Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

38.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

39.     Plaintiff seeks all damages available under federal law.

## IX.

## ATTORNEYS' FEES AND COSTS

40.     Plaintiff incorporates each of the foregoing paragraphs.

41.     Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

42.     Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

## X.

## RESPONDEAT SUPERIOR

43.     Plaintiff incorporates each of the foregoing paragraphs.

44.     Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

45.     Plaintiff incorporates each of the foregoing paragraphs.

46.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

a.     Prohibiting Defendant from engaging in unlawful discrimination;

b.     Reinstating Plaintiff's employment with Defendant with backpay;

c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

d.     Paying court costs;

e.     A declaration that Defendant violated Plaintiff's rights under federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

f.     Any additional equitable relief as the Court deems proper.

## XII.

## JURY DEMAND

47.    Plaintiff incorporates each of the foregoing paragraphs.

48.    Plaintiff demands a trial by jury.

## XIII.

## CONCLUSION AND PRAYER

49.    Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A.     Back pay and front pay (including benefits);

B.     Compensatory damages;

C.     Punitive damages;

D.     Injunctive and declaratory relief, including but not limited to, an Order:

a.     Prohibiting Defendant from engaging in unlawful discrimination;

b.     Reinstating Plaintiff's employment with Defendant with backpay;

       c.       Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

       d.       Paying court costs;

       e.       A declaration that Defendant violated Plaintiff's rights under federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

       f.       Any additional equitable relief the Court deems proper;

E.       Courts costs;

F.       Pre-judgment and post-judgment interest at the rate set by law; and

G.       All legal or equitable relief this Court deems proper.

Respectfully submitted,


/s/ Javier Perez
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**